IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

GEORGE W. BANKS,

        Petitioner

   VS.                      NO. 5:06-CV-167 (DF)

JAMES DONALD, COMMISSIONER,

        Respondent         PROCEEDINGS UNDER 28 U.S.C. §2254
                                            BEFORE THE U. S. MAGISTRATE JUDGE

# RECOMMENDATION

      Respondent JAMES DONALD has filed a motion to dismiss the petitioner BANKS' habeas corpus petition which is supported by an attached brief, asserting that the petition is untimely filed pursuant to the AEDPA's one year statute of limitations. Tab #11. After being advised of his right to do so, petitioner Banks responded to the respondent's motion. Tab #16.

      Section 2244(d) provides as follows:

> *(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--*
>
> > *(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;*
> >
> > *(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;*
> >
> > *(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or*
> >
> > *(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.*
>
> *(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.*

Respondent Donald has shown the court that petitioner Banks was found guilty of child molestation on February 25, 1999, and is currently serving a thirty year sentence for that offense. After his conviction was affirmed on appeal on April 24, 2002, Banks filed a state habeas corpus petition on April 28, 2003, which was denied on September 29, 2004; he then filed the instant petition in federal court on May 19, 2006. The respondent calculated the total "untolled" time as 907 days, which is clearly more than the one year permitted by the AEDPA.

Petitioner Banks' response does not dispute the respondent's calculations, but rather goes to the merits of his petition, explaining that he is actually innocent and his innocence could be proven by a blood test. In order for the one-year limitations period to run anew pursuant to §2244(d)(1)(D), a petitioner needs to show that the evidence that proves his innocence could only have been found through the exercise of due diligence within one year of his filing his petition. The petitioner has not made any showing to that end, and therefore his petition is untimely filed.

Accordingly IT IS RECOMMENDED that the respondent's motion to dismiss (Tab #11) be GRANTED and the current action be DISMISSED as untimely. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 21st day of NOVEMBER, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE